UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| | ) | |
| **UNITED STATES of AMERICA** | ) | |
| | ) | |
| **v.** | ) | **Criminal No.** |
| | ) | **06-40041-FDS** |
| **BONNIE SHARRIT,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

ORDER ON DEFENDANT'S REQUEST
TO ENTER A PLEA OF *NOLO CONTENDERE*

**SAYLOR, J.**

Defendant Bonnie Sharrit is under indictment for various counts of false impersonation in

violation of 18 U.S.C. § 912 and wire fraud in violation of 18 U.S.C. § 1343.  Defendant has

requested leave to enter a plea of *nolo contendere* in order to avoid a trial.[1]  Such a plea requires

the consent of the Court. Fed. R. Crim. P. 11(a)(1).  Before accepting a plea of *nolo contendere*,

the Court "must consider the parties' views and the public interest in the effective administration

of justice."  Fed. R. Crim. P. 11(a)(3).

In substance, defendant here seeks to plead *nolo contendere* on the grounds that "she has

no substantial memory of the incidents underlying the charges set forth in the indictment" but

nonetheless "acknowledges that the Government is in a position to introduce sufficient evidence,

---

[1] A plea of *nolo contendere* is not an admission of guilt and cannot be used in later litigation as evidence
that the defendant committed the crime. *Olsen v. Correiro*, 189 F.3d 52, 68 (1st Cir. 1999).  For the purposes of
punishment, however, a *nolo* plea is "the same as the plea of guilty," and a judgment resulting from a  *nolo* plea "is
a conviction and may be used to apply multiple offender statutes."  Advisory Committee Notes to 1974
Amendments to Fed. R. Crim. P. 11.  "Unlike a plea of guilty, however, it cannot be used against a defendant as an
admission in a subsequent criminal or civil case." *Id.*

at a trial, to support a conviction." Def. Mem. at 1.  The government opposes the request, largely

on the grounds that "three independent evaluations of Sharrit's mental state uncovered no

evidence of memory loss" and "her claims of impairment are simply not credible."  Gov't Mem. at

1.

The government is correct that the three independent evaluations do not support a finding

of dementia, Alzheimer's disease, or organically-based memory loss.  It is likewise obvious that

the likelihood of deception or manipulation is high, both in terms of defendant's incentives and

defendant's apparent pattern of past behavior.  Furthermore, the acceptance of a plea of *nolo*

*contendere* is, and ought to be, a very rare event.  The public interest is normally best served

either by a trial by jury to a verdict or a complete plea to all charges with a candid admission of

guilt.

Nonetheless, there are substantial issues concerning defendant's mental health that affect

the calculus of whether a *nolo* plea should be accepted.  The report of Dr. Russell Vasile, a

psychiatrist who evaluated defendant, states in part as follows:

> [S]he has a strong tendency to 'dissociate' or 'not remember' emotionally charged
> or threatening events. . . . I am, . . . concerned that she may present in the court
> room as emotionally overwhelmed, unable to remember, and potentially default
> into somatic symptoms such as seizure-like activity, or some other form of
> bewilderment or emotional turmoil.  . . . [I]t is possible that the stress of
> courtroom proceedings may activate feelings of being emotionally overwhelmed,
> or engender suicidal ideation. . . . [I]t is possible that Mrs. Sharrit will experience
> sufficient emotional turmoil and behavioral dysfunction under the stress to
> litigation such that her capacity to maintain competence to stand trial will be
> undermined.

Dr. Vasile also testified, however, at the competency hearing that Ms. Sharrit's memory of past

events, other than the events leading to her prosecution, "seemed to be quite good," and that she

gave "a detailed history of certain . . . events that occurred around 1984." He also noted the possibility of "manipulation or deception."

The report of Mark Greenberg, Ph.D., a neuropsychologist, states in part as follows:

The DES was overwhelmingly positive for endorsement of dissociative tendencies and lapses in personal awareness. . . . If accurate, this would suggest profound dissociative tendencies. . . . Taken together, the personality data suggest a woman with current ego dysfunction and primitive and brittle defenses that are failing to contain her dysphoria. . . . Yet, if only part of her medical history is valid, and if she is only ingesting a fraction of the reported daily medications, she is at elevated true risk of cognitive compromise. When her underlying mood vulnerabilities and prior traumatization is factored in, her stress tolerance and ability to cope with reality demands—including the rigor of a criminal trial—must be given careful consideration.

The evaluation report of Tami Yanez, a psychologist with the Bureau of Prisons, stated that "records indicate Ms. Sharrit has historically reported not to have any memory of the events related to her instant offense." She noted, however, that Ms. Sharrit also attempted to tell her why the charges were unsubstantiated (which Dr. Yanez did not permit her to do, as she had not shared that information with her attorney). In addition, Dr. Yanez concluded that "[w]hile formal memory testing was not warranted for the current evaluation, it should be noted Ms. Sharrit did not exhibit any observable memory impairment while at FMC Carswell."

In short, the record is mixed, but nonetheless suggests that (1) defendant has mental health issues, (2) there is at least some evidence of memory loss, and (3) there is also evidence suggesting that defendant's mental health issues may be exacerbated by the trial. Under the circumstances, and although the issue is hardly free from doubt, the Court concludes that this case may be appropriately disposed of by a plea of *nolo contendere*. Such a plea would avoid the need for the expense and inconvenience of a trial, and avoid the risk that the stress of the trial will

trigger new mental health issues.  It would also avoid any claim that defendant's lack of memory precluded her from receiving a fair trial.  The Court emphasizes, however, that defendant will stand convicted of all offenses charged, and that she is potentially subject to the same punishment as if she had filed a plea of guilty.

Accordingly, and for the foregoing reasons, the Court will consent to the entry of a plea of *nolo contendere* in this matter, provided that (1) it disposes of all pending claims, (2) the plea is entered within a reasonably prompt time period, (3) defendant does not attempt to state or suggest, directly or indirectly, that she is innocent of the crimes charged, and (4) the plea otherwise satisfies the requirements for entry of a change of plea.  The Court takes no position at this time as to whether defendant can qualify for an adjustment for "acceptance of responsibility" under the United States Sentencing Guidelines.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

Dated: October 7, 2009